[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Practice Book § 4017 requires the court to hold a hearing on a putative indigent's application for waiver of fees, costs and expenses necessary to prosecute an appeal. The plaintiff appellee (hereinafter "the plaintiff") has challenged the application on the grounds of fraud. The threshold issue raised by the challenge is the plaintiff's standing to object to the waiver.
Section 4017 is silent as to the scope of the hearing. It fails to identify those who may be heard. Nevertheless, it is obvious that the applicant must be given the opportunity to be heard. It is not so obvious with respect to others.
The plaintiff has cited no authority either in the civil or CT Page 12241 criminal law for the proposition that a party opponent, either through private counsel or a prosecutor, enjoys standing to contest an indigent's application for waiver of fees.
The plaintiff argues that the defendant/applicant's financial affidavit contains material misrepresentations and is therefore fraudulent. She claims the right to an evidentiary hearing for the purpose of contesting the applicant's indigent status.
The portion of Rule 4017 which is implicated was adopted in 1986 and has not yet had the benefit of judicial interpretation. The purpose of the rule is to satisfy the court that the applicant's financial status warrants a waiver. In a criminal setting, indigence has been defined as a lack of "financial ability . . . to secure competent representation and to provideother necessary expenses of legal representation" (emphasis supplied). C.G.S. § 51-297(f).
On its face, the applicant's financial affidavit meets the test as his expenses substantially exceed his income and he shows no assets which are readily marketable or which can be deemed non essential. In addition, he states that on July 29, 1994 he filed for bankruptcy under Chapter 7 of the United States Code. If the plaintiff is correct in her claim of fraud her remedy does not lie in a denial of the waiver, but rather in disciplinary or other coercive of action against the applicant. As this court understands the meaning of § 4017 the issue of indigence is a matter solely between the applicant and the court. The plaintiff has no standing to challenge the applicant's indigent status in this proceeding. The application for waiver of fees, costs and expenses of appeal is granted.